[No. 4123. Decided December 30, 1902.]

L. B. NASH, *Appellant*, v. W. J. C. WAKEFIELD, *as Administrator, et al., Respondents.*

APPEALABLE ORDERS — ALLOWANCE OF ATTORNEY FEES IN ADMINISTRA-
TION OF ESTATE.

The order of the court denying the petition of an attorney in a probate proceeding for the allowance of his fees for services rendered the executor of a decedent's estate is not an appealable or-

der, since the allowance of such fees comes up properly on the accounting made by the executor, at which time he is entitled to credits for reasonable charges paid by him for legal services, to be allowed as part of the expenses of administration, and only the orders made upon such accounting are final ones.

Appeal from Superior Court, Spokane County.—Hon. WILLIAM E. RICHARDSON, Judge. Appeal dismissed.

*James Dawson, R. E. Porterfield* and *L. B. Nash,* for appellant.

*F. T. Post,* for respondents.

PER CURIAM.—Appeal from an order made in probate in the estate of Rudolph Gorkow, deceased. Two executors were appointed under the will, with directions to continue the business of the estate, which consisted principally of a large brewery and brewing plant in the city of Spokane, until the settlement and distribution thereof. The executors were directed to convert the estate into money, pay certain legacies at the end of two years, and distribute the residue to certain devisees in Germany. The executors were also desired to consult certain counsel when legal services or advice was necessary. Boeck and Mueller were appointed executors. Some time after entering upon the discharge of their duties as such, the executors disagreed between themselves as to the management of the estate, and Boeck entered into written contract with the petitioner by the terms of which petitioner was engaged as sole attorney, and counsel for Boeck and the estate. Shortly thereafter Mueller was removed from his place as executor for misconduct, and some time thereafter Boeck was also removed as executor, and Wakefield was appointed administrator *de bonis non,* with the will annexed. Petitioner performed services under his contract with Boeck,

and presented his claim therefor to the administrator, Wakefield, who formally rejected the claim. Thereupon petitioner duly filed his claim in the probate procedure of the estate then pending, and demanded the allowance thereof. Citations were issued to Boeck and Wakefield to show cause why the prayer of the petition should not be allowed. Boeck answered, admitting the contract with petitioner, and averring that he did not know the value of petitioner's services, and requesting their adjustment and settlement by the court. Wakefield appeared, and objected to the petition on the ground that the court had no jurisdiction in probate to determine such claim, and that the petition did not state facts sufficient to entitle petitioner to relief. The same objections were also interposed by demurrer. The objections were overruled. The administrator then answered, denying generally the claim of petitioner, and setting up affirmative reasons why it should not be allowed. Thereafter these matters were set down for hearing, and also, at the same time, the accounts of Boeck and Wakefield as executor and administrator were set for hearing, and due notice of such hearing given. On the 14th of February, 1901, the following order was entered:

"On this 14th day of February, 1901, this cause coming on regularly for hearing by the court, on the petition of L. B. Nash to be allowed attorney's fees for services rendered said estate on the employment of one Carl Boeck, a former executor of said estate, W. J. C. Wakefield, as administrator *de bonis non* of said estate, objecting to the introduction of any testimony on behalf of the said petitioner upon the ground that the court in the probate department had no jurisdiction to hear and try said question upon the petition of said Nash alone, and that said petition did not state facts sufficient to constitute any cause of action, and that said Boeck had filed his statement of account and that said matter should come up as a part of his

proceeding, and the court having reserved the ruling upon said objection, and testimony having been introduced on behalf of the said petitioner; the said W. J. C. Wakefield, as administrator *de bonis non* moved to dismiss the said petition upon the same grounds heretofore stated, and the court having reserved the ruling upon said motion to dismiss said petition, and the said Wakefield having begun the introduction of testimony in support of the defense of his answer, and the question being again brought before the court as a result of an objection made by said petitioner, and the court having fully heard the argument of counsel upon said objection, and upon said motion to dismiss, and being fully advised in the premises, the said motion to dismiss the said petition of L. B. Nash is hereby sustained. And at the same time the said L. B. Nash, by his counsel, having moved the court for judgment for the full amount claimed by said L. B. Nash, to-wit: the sum of $10,000, upon the evidence adduced by him in support of his said petition the said motion for judgment is hereby denied, and the said petition is hereby dismissed."

To this order petitioner at the time excepted, gave notice of appeal therefrom, filed his appeal bond, and brought here the record in probate to and inclusive of this order. From the supplemental record brought up by the respondent it appears that on the same day, and filed at the same time, was the following order:

"On this 14th day of February, 1901, this cause came regularly on for hearing by the court on application of Carl Boeck to file an amendment to his account as executor, and after hearing said application and the argument of counsel, and the court being fully advised in the premises, it is by the court ordered that said application be, and the same is hereby, continued to the 12th day of March, 1901, at 9:30 o'clock a. m. of said day."

On the 18th of February following, Boeck filed his amended final account, as directed in the order above set

forth, setting out his contract with Nash for attorney's services, and requesting the allowance of their reasonable value. On the 4th of June, 1901, the court settled the final account of Boeck, and made this finding:

"That one L. B. Nash, an attorney practicing in this court, performed services in matters of said estate at the request of said Carl Boeck of the reasonable value of five hundred dollars ($500), no part of which has been paid; that the total value of all services performed by said Nash is said sum aforesaid, and neither said Nash or said Boeck are entitled to any or greater sum on account thereof to be paid out of the funds of said estate; that due and sufficient notice and opportunity was given said Nash before and at said hearing to prove and establish any and all claims for his said services."

Thereupon the court ordered:

"Now, therefore, it is hereby ordered that said W. J. C. Wakefield, as administrator of said estate, pay to said Carl Boeck the sum of three thousand dollars ($3,000), and that he pay in addition thereto the sum of five hundred dollars ($500), either to said Boeck for the benefit of said Nash, or to said L. B. Nash, and that said payments shall be in full satisfaction of all claims and demands of every kind and character for executor's fees, wages, commissions, services, salaries, and all remuneration of every kind to be paid out of said estate for said parties and each of them, and that he take from said Carl Boeck, upon making such payments, a full release, satisfaction, and discharge signed by him; and if he pay said sum of five hundred dollars ($500) to said Nash, that he also take from said Nash full satisfaction and discharge of all claims signed by him, and that he file said releases and satisfactions in the above entitled cause."

The respondent moves that the appeal be dismissed on the grounds that it is not from a final order in the probate procedure, and because the controversy is settled therein by

final judgment of the court.    Counsel have discussed with much ability the right of the attorney to directly present his claim for allowance in the event of a difference between the attorney and the administrator or the refusal of the administrator to present the same, but, in view of the record here, such question does not become material.    Section 6312, Bal. Code, provides that the administrator or executor shall be allowed all necessary expenses of administration.    Under this provision it is not seriously questioned that the judge in the probate procedure must allow the executor or administrator for necessary and reasonable counsel and attorney's fees.    This is the same whether the estate be administered by an administrator appointed by the court or an executor or administrator under direction of a will, such as appears in the record.    The general rule seems to be correctly stated in 11 Am. & Eng. Enc. Law (2d ed.), p. 1240, as follows:

"An executor or administrator has the right, unless restricted by statute, to employ counsel whenever it is necessary or proper, to protect the estate, or to enable him to manage it properly, and on the settlement of his accounts he will be allowed credit, as part of the expenses of administration, for the reasonable charges paid by him for such services."

It is equally well settled that such employment of an attorney is in the first instance a personal contract between the executor or administrator and the attorney, but the allowance of such claims against the estate must be made by the court.    The matter then pending before the court was the allowance of this claim for counsel fees.    The court had jurisdiction of the subject-matter—the claim—at the time.    It was before the court in each the petition and the answers of the executor and the administrator and in their final accounts.    The only contention, seemingly, that

arose was merely upon the order of hearing. All parties interested were in court. The order appealed from does not imply any final determination of the attorney's claim, but does imply a further hearing of such claim on the final account of the executor Boeck, the executor who made the contract. The usual and ordinary procedure is the hearing and allowance of such claims on the final accounting of the administrator or executor. It appears from the record that both orders referred to were made on the same day and filed at the same time, and it appears that the final order of the court allowing the claim was made when the petitioner was offered the opportunity to produce any proof of the claim. From the whole record, therefore, it appears that the order appealed from was not final. The proceeding was still pending, and the claim was before the court for adjudication, with all parties interested therein duly notified. Such final determination was made in the order of June 4, 1901, from which no appeal is taken. No statement of facts or bill of exceptions is here, and upon the transcripts before us the motion to dismiss must be sustained.

Dismissed.